IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANN WARRICK** | : | CIVIL ACTION |
| v. | : | |
| **ALLSTATE INSURANCE COMPANY** | : | NO. 09-6077 |

\* \* \*

| | | |
|---|---|---|
| **DEBORAH KOLESAR** | : | CIVIL ACTION |
| v. | : | |
| **ENCOMPASS INDEMNITY COMPANY** | : | NO. 09-5510 |

\* \* \*

| | | |
|---|---|---|
| **NICOLE MECADON** | : | CIVIL ACTION |
| v. | : | |
| **ALLSTATE INDEMNITY COMPANY** | : | NO. 09-5511 |

\* \* \*

| | | |
|---|---|---|
| **RONALD and KIM BUCARI** | : | CIVIL ACTION |
| v. | : | |
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | : | NO. 09-5512 |

## **ORDER**

**AND NOW**, this 1st day of October, 2014, upon consideration of the Plaintiffs' Motion for Final Approval of the Settlement (Document No. 121 of Civ. A. No. 09-6077; Document No. 129 of Civ. A. No. 09-5510; Document No. 128 of Civ. A. No. 09-5511; and Document No. 127 of Civ. A. No. 09-5512), and after hearings on May 13, 2014 and

September 30, 2014, and the Findings of Fact and Conclusions of Law (Document No. 128 of Civ. A. No. 09-6077; Document No. 135 of Civ. A. No. 09-5510; Document No. 134 of Civ. A. No. 09-5511; and Document No. 133 of Civ. A. No. 09-5512), it is **ORDERED** that the motion is **GRANTED**.

    **IT IS FURTHER ORDERED** as follows:

    1.    The Settlement Agreement entered into between the parties on April 25, 2014 ("Settlement Agreement"), which is incorporated into this Order, is **APPROVED** as fair, reasonable and adequate.

    2.    The settlement claims of the Class Representatives and the Class Members are compromised, settled, released, remised, discharged and dismissed as against the defendants on the merits and with prejudice in accordance with the terms of the Settlement Agreement.

    3.    The Class Representatives and the Class Members and all persons claiming by or through them are **PERMANENTLY BARRED** and **ENJOINED** from instituting, commencing and/or prosecuting, directly or indirectly, any claim, suit or proceeding against the defendants with respect to any and all settled claims against the defendants.

    4.    Pursuant to the terms of the Settlement Agreement, Allstate shall:

        a.    pay $9,000,000 into a Settlement Fund;

        b.    pay the applicable share of the Net Settlement Fund to Distribution Class Members;

        c.    pay the costs reasonably incurred in connection with administering and distributing Net Settlement Fund proceeds to Distribution Class Members; and

        d.    for a period of two years, provide the antitheft discount to all car

insurance applicants for new and renewal coverage, if Allstate's Home Office VIN System (or any future internal database established by Allstate that serves the same function) shows that the applicant's car is equipped with a passive antitheft device installed as the manufacturer's standard equipment.

5. Class Counsel is awarded from the Settlement Fund attorneys' fees in the amount of $3,000,000, which is 33% of the Settlement Fund, and out-of-pocket expenses in the amount of $115,160.48.

6. The Class Representatives in each case are awarded $5,000 from the Settlement Fund.

7. These awards shall be distributed to Class Counsel pursuant to the terms of the Settlement Agreement.

8. The parties are directed to carry out their obligations under the Settlement Agreement and in compliance with this Order.

9. This action is **DISMISSED WITH PREJUDICE**.

10. The Court retains jurisdiction over this action, the parties and each of the Class Members for all matters relating to this action and the Settlement Agreement, including those matters relating to the administration, interpretation, effectuation and/or investment of the Settlement Agreement and this Order.

11. **FINAL JUDGMENT** shall be entered pursuant to Fed. R. Civ. P. 58.

    /s/ Timothy J. Savage
    TIMOTHY J. SAVAGE, J.